DECISION AND JUDGMENT ENTRY
{¶ 1} Ronald Whitaker appeals the Ross County Common Pleas Court's decision denying his motion for jail-time credit after it imposed consecutive sentences. Whitaker contends he is entitled to multiple jail-time credit since he was held in custody, and ultimately sentenced, on three charges. In State v. Lemaster, Pickaway App. No. 01CA10, 2001-Ohio-2639, we rejected the argument that a defendant is entitled to multiply his period of pretrial confinement by the number of convictions entered against him when figuring credit for time served on multiple offenses. We based our decision on an equal protection analysis, concluding that appellant's proposition would result in different sentences for those defendants out on bail and those defendants who were not. In accordance with that decision, we reject Whitaker's argument and affirm the judgment of the trial court.
 {¶ 2} In May 2002, Whitaker pled guilty to three third degree felonies, i.e., two counts of Driving Under the Influence of Alcohol or Drugs in violation of R.C. 5411.19(A)(1) and one count of Failure to Comply in violation of R.C. 2931.331. One month later the trial court sentenced Whitaker to three years on each count, the sentences to run concurrently. At that time, the court gave Whitaker a jail-time credit of 104 days.[1] In August 2002, the trial court entered a nunc pro tunc entry amending Whitaker's sentence. In that entry, the court sentenced Whitaker to one year on each count, the sentences to run consecutively. Following that entry, Whitaker filed a motion with the court, asking that he be given jail-time credit for the 68 days served between the first and second sentencing hearings. In September 2002, the court granted that motion. One month later, Whitaker filed a motion asking the court to multiply his jail-time credit by three since he had been held on three charges. The trial court denied his motion and Whitaker now appeals, raising the following assignment of error: "The trial court erred in refusing to grant jail-time credit aggregate pursuant to each of defendant-appellants convictions when his sentence was to run consecutively, pursuant to Ohio Revised Code Section 2967.191."
 {¶ 3} Whitaker contends the trial court erred in only granting him 172 days of jail-time credit. He argues that a credit of 172 days would have been appropriate had he been sentenced to concurrent sentences. However, Whitaker contends because the court imposed consecutive sentences, it should have granted him jail-time credit for each of the three offenses he was convicted of, for a total jail-time credit of 516 days.
 {¶ 4} R.C. 2967.191 requires the department of rehabilitation and correction to "reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *." While it is the department's duty to credit a prisoner for his pretrial confinement, it is the trial court that calculates the number of days the offender served prior to being sentenced.
 {¶ 5} In State v. Lemaster, Pickaway App. No. 01CA10, 2001-Ohio-2639, we rejected the argument that a defendant is entitled to multiple jail-time credit when he is held and sentenced on more than one offense. We recognized that the issue of jail-time credit involves two important constitutional protections — the presumption of innocence and equal treatment under the law. Regarding equal protection, we stated: "Regardless of whether bond is set, made, or denied, the principle of equal protection requires that in the imposition of sentence all accused persons be treated equally. If after trial, a defendant is found guilty and sentenced, the sentence he serves must be equal to, and no more than, any other defendant in similar circumstances. Whether the defendant had the resources to make pretrial bond is irrelevant to sentencing. Simply put, there ought not to be one standard for people with money and [one for] people without money." Id. Adapting the analysis of Lemaster to the present case demonstrates how multiple jail-time credit contravenes principles of equal protection.
 {¶ 6} The trial court's present order of 172 days jail-time credit preserves principles of equal protection. Having been sentenced to three one-year consecutive sentences, Whitaker will serve three years — 172 days pretrial and 2 years 193 days post trial. Now, consider a defendant identical to Whitaker, except that this defendant was able to make bail. When this defendant is sentenced, he too will serve three years, all post trial.
 {¶ 7} A consideration of Whitaker's argument, however, reveals how multiple jail-time credit does not serve principles of equal protection. The defendant who was able to make bail will serve three years — all post trial. Under Whitaker's argument, he would serve 172 days pretrial, but because he did not make bail, his post trial time would be reduced by 344 days for a total post trial time of 1 year 214 days. Therefore, because we would be treating each day of his 172-day pretrial time as the equivalent of 3 days, Whitaker would, in fact, only serve a total of 2 years 21 days. As we stated in Lemaster: "This is not what is intended by [R.C. 2967.191]. This is not equal protection for those too poor to make bail, but instead a preference for not making bail."
 {¶ 8} The purpose of R.C. 2967.191 is to avoid discrimination against poor defendants who are unable to make bail by giving them credit for time served while awaiting trial. State v. Sullivan, Columbiana App. No. 01-CO-66, 2002-Ohio-5225; State v. Shade (Feb. 22, 1995), Greene App. No. 94-CA-91. Under Whitaker's multiple jail-time credit argument, R.C. 2967.191 becomes a vehicle for discriminating against those defendants who do make bail. This is not the statute's intent. As stated in Lemaster, "the principle of equal protection requires that in the imposition of sentences all accused persons be treated equally."
 {¶ 9} Based on our decision in State v. Lemaster, Pickaway App. No. 01CA10, 2001-Ohio-2639, we conclude Whitaker is not entitled to multiple jail-time credit. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] The parties' briefs differ over the amount of jail-time credit Whitaker initially received. While Whitaker's brief indicates that he received 107 days of jail-time credit, the state's brief indicates the court gave Whitaker 104 days of jail-time credit. For purposes of this appeal, we will assume the court's entry provided for 104 days of jail-time credit.